IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| JOHN STINE, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )    Case No. 11-2319-KHV-GLR |
| | ) |
| KELLOGG SALES COMPANY, | ) |
| | ) |
|        Defendant. | ) |

**PROTECTIVE ORDER**

The parties to this action, Defendant Keebler Company, improperly named as Kellogg Sales Company, a wholly owned subsidiary of Kellogg Company ("Defendant"), and Plaintiff John Stine ("Plaintiff"), by their respective counsel, request that the Court enter a protective order.

1. This matter involves allegations by Plaintiff that Defendant violated state and federal law with respect to his employment. Plaintiff brings claims under the Americans With Disabilities Act (ADA), Kansas Act Against Discrimination (KAAD), Age Discrimination in Employment Act (ADEA), Kansas Age Discrimination in Employment Act (KADEA), and state common law.

2. The parties anticipate that this matter will involve the exchange of private health and employment information and sensitive company documents and policies in which the parties have a reasonable expectation of privacy and would not otherwise make available to the public.

3. This Protective Order shall govern the following materials deemed to be "Confidential Information":

    (a) financial records of the parties; compensation of Defendant's current or former personnel; policies, procedures, and/or training materials of Defendant; and/or Defendant's organizational structure;

    (b) Any documents from the personnel, medical, or workers' compensation file of any current or former employee or contractor;

    (c) medical and/or health records of any of Defendant's current or former employees or contractors;

(d)  Any portion of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

4. In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated "CONFIDENTIAL" or otherwise expressly identified as confidential. Defendant will use its best effort to limit the number of documents designated Confidential.

5. Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient, except for court personnel and members of the jury. With that limited exception, all produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

6. Qualified recipients include only the following:

(a) In-house counsel and law firms for each party and the secretarial, clerical, and paralegal staff of each;

(b) Deposition notaries and staff;

(c) Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

(d) Deponents during the course of their depositions or potential witnesses of this case; and

(e) The parties to this litigation, their officers, and professional employees.

7. Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order.

Persons to whom confidential information is shown shall be informed of the terms of this Order and advised that its breach by any party (or any non-party who has specifically agreed to be bound by the terms of this Order) may be punished or sanctioned as contempt of the Court. Deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

If either party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential materials that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status. The information shall continue to have Confidential status during the pendency of any such motion.

8.   No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel, or the parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

9.   All information produced in this action, whether deemed Confidential or not, shall be used only for purposes of this litigation and not for any other purpose. Documents, information, or materials designated as Confidential may be filed with the Court. Should any party have good cause to seal from public view any Confidential Information that is filed with the Court, that party must file a separate and specific motion for such protection, as contemplated by *Holland v. GMAC Mortgage Corporation.,* No. 03-2666-CM, 2004 WL 1534179, at *2 (D. Kan. June 30, 2004), to request that the Court, for good cause shown, allow the confidential information or documentation to be filed under seal and kept confidential.

10. In accordance with the Court's administrative procedures for electronically filing documents under seal in civil cases, D. Kan. Rule 5.4.6, a party fling a motion for leave to file a document(s) under seal shall file that motion electronically, under seal, in the Electronic Filing System.  The motion for leave to file under seal shall attach as sealed exhibits the document(s) the party wishes to be filed under seal.  At the same time, the motion and attachment(s) must be served outside of the System on other parties.  The party shall submit, via e-mail to the appropriate judge's e-mail account, a proposed order.  If a document to be filed under seal is only one part of a larger document or series of documents, the party must file all portions the party does not seek to have sealed in accordance with any deadlines, indicating where any portion to be sealed should be inserted upon an order granting leave to file under seal.  The motion for leave to file under seal must also be filed in accordance with any deadlines, with the proposed sealed documents attached.  If the motion for leave to file under seal is granted, the assigned judge will enter electronically the order authorizing the filing of the documents under seal.  The assigned judge will also direct the clerk's office to grant to all attorneys who have entered an appearance in that case (and whose appearance has not been terminated) the ability to view sealed documents in that case (assuming this access has not previously been granted). The filing party shall then file its document(s) electronically under seal. If the motion for leave to file under seal is denied, the assigned judge will enter electronically an order denying the filing of the document(s) under seal.  Once access to sealed documents has been granted to an attorney in a case, it will be the responsibility of that attorney to notify the clerk's office if he or she is terminated from the case and the parties wish that terminated attorneys no longer have access to sealed documents in that case.

11. Nothing in this Order shall prevent either party from using any information classified as Confidential at trial, during a hearing, or similar proceedings in this action only.  However, Plaintiff and Defendant (or the party that designated the Confidential Information in question) may

request that the portion of the proceedings where said use is made shall be in camera and that the transcript of that portion of the proceeding be maintained under seal in accordance with paragraphs 9 and 10 hereof, with access thereto limited to Court personnel, members of the jury, and persons entitled to access under this Order.

12. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

13. Upon termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), the parties may request the return of all previously furnished Confidential Information, including any copies thereof, and each person or party to whom such Confidential Information has been furnished or produced shall be obligated to return it within thirty (30) days of said request.

14. Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation, or admissibility of any document, material, transcript, or other information.

15. Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

The Court finds that good cause exists for this Protective Order.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas on this 6th day of December, 2011.**

*s/Gerald L. Rushfelt*
**Gerald L. Rushfelt**
**United States Magistrate Judge**